UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00933-TBR

UNITED STATES OF AMERICA                                                                                      Plaintiff,

v.

EICHHORN STAINED GLASS, INC., et al.,                                                                  Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Motion to Alter or Amend Findings and Judgment submitted by Eichhorn Stained Glass, LLC, pursuant to Federal Rules of Civil Procedure 52(b) and 59(e). Both the United States and Orionmegan Properties, LLC, have responded. (Docket Nos. 30, 33.) The matter stands ripe for adjudication. For the reasons set forth below, the Court will DENY Eichhorn's motion.

The factual background of this matter is recited in the Court's Memorandum Opinion of October 9, 2014. (Docket No. 26.) In the portion of that Opinion relevant here, the Court considered the parties' arguments concerning Eichhorn's percentage of ownership in real property upon which the Government placed a tax lien. The Court first noted that Kentucky law does not permit introduction of extrinsic evidence to vary the terms of an unambiguous deed. Accordingly, the Court looked solely to the deed itself, which unambiguously conveyed the property to its three original owners as "joint tenants with remainder in fee simple to the survivor of them." (Docket No. 15-2, General Warranty Deed, at 3.) The Court found that following certain conveyances, Eichhorn ultimately owned one-third of the property in a tenancy in common with Orionmegan, which owned two-thirds. The Court ordered foreclosure of the federal tax liens against Eichhorn's one-third interest and sale of the property, with proceeds to be distributed in accordance with the rights of the parties. Eichhorn now moves the Court to reconsider this conclusion.

**Legal Standard**

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 Fed. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As a sister district court in this Circuit observed, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds. "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)( quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Furthermore, given the interest in a decision's finality, this court and others have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plakson Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

**Analysis**

In the instant motion, Eichhorn argues for the first time that a corporation or other business entity cannot be a joint tenant in real estate as a matter of law. As an initial matter, the Court notes that Eichhorn could have, but did not, raise this argument in prior briefing, in either its response to the Government's motion for summary judgment or its reply to Orionmegan's response. "Rule 59(e) does

not provide parties a forum to present new arguments or theories that, with proper diligence, could have been asserted prior to the judgment being issued." *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 857 F. Supp. 2d 647, 656 (W.D. Ky. 2011) (citing *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008)).

Because it points to no newly-discovered evidence or an intervening change in the law, the Court assumes that Eichhorn considers the previous Memorandum Opinion a clear error of law. Litigants who challenge previously entered judgments as manifest errors of law confront a high standard—one that requires the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Dorger v. Allstate Ins. Co.*, No. 2:08-56, 2009 U.S. Dist. LEXIS 61686, at *3 (citing *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (noting that "[a] 'manifest error' is not demonstrated by the disappointment of the losing party")). Eichhorn is entitled to the relief it seeks only if the previous was "dead wrong" and "so egregious that an appellate court could not affirm it." *Id.* at *3-4 (quoting *H &A Land Corp. v. City of Kennedale*, No. 4:02-458, 2005 U.S. Dist. LEXIS 25797, at *5 (N.D. Tex. Oct. 24, 2005)). The Court cannot find that Eichhorn has satisfied this exacting standard, particularly given the deed's unambiguous nature.

Moreover, the Kentucky statute enumerating the general powers of a corporation permits the entity "the same powers as an individual to do all things necessary or convenient to carry out its business and affairs, including without limitation power to . . . [p]urchase, receive, lease, or otherwise acquire, and own, hold, improve, use and otherwise deal with . . . any legal or equitable interest in property . . ." KRS 217B.3-020(d). On its face, the statute permits a business entity to hold real property just as an individual would—presumably including in a joint tenancy.

**Conclusion and Order**

Therefore, the Court having considered the Motion to Alter or Amend Findings and Judgment filed by Eichhorn, the responses filed by the United States and Orionmegan, and being otherwise sufficiently advised, the Court finds that Eichhorn's motion has failed to satisfy the standard articulated

by the Sixth Circuit and by Federal Rule of Civil Procedure 59(e).  Eichhorn's new legal arguments are not appropriately raised here, as "Rule 59(e) motions are aimed at reconsideration, not initial consideration."  *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007).  Accordingly, IT IS ORDERED that Eichhorn's motion, (Docket No. 29), is hereby DENIED.